# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA TYLER-MALLERY, as Trustee of the Joseph and Vera Rucker 2006 Trust,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE MORTGAGE, et al.,<br><br>Defendant. | CASE NO. 14cv704-LAB (JLB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION;**<br><br>**ORDER REQUIRING SUBSTITUTION OF ATTORNEY;**<br><br>**ORDER STRIKING NOTICE OF *LIS PENDENS*; AND**<br><br>**ORDER OF DISMISSAL** |

On March 27, Plaintiff Gloria Tyler-Mallery, as Trustee for the Joseph and Vera Rucker 2006 Trust, proceeding *pro se*, filed a complaint attempting to reverse a foreclosure sale. She also filed a motion to proceed *in forma pauperis* (IFP), a motion for preliminary injunction, and a notice of *lis pendens*.

The most obvious problem is that the Plaintiff in this case is the Trust, not Tyler-Mallery in her individual capacity. A trustee cannot proceed *pro se* when representing the interests of a trust. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987). The IFP motion also erroneously includes only Tyler-Mallery's own financial information, and nothing about whether the Trust could pay. *See Thomas v. LPP Mortg.*

*LTD.*, 2012 WL 6619723, at *1 (N.D.Tex., Nov. 27, 2012) (both plaintiffs, one of which was a trust, were required to show they could not pay the filing fee before leave to proceed IFP would be granted). Leave to proceed IFP is therefore **DENIED**.

In order to proceed with this case, Tyler-Mallery must either show she is an attorney admitted to practice before this Court, or else a properly licensed and admitted attorney must be substituted in as counsel in her place. She must also either pay the filing fee, or file a renewed IFP motion.

The motion for preliminary injunction was filed without obtaining a hearing date, in violation of Civil Local Rule 7.1(b). But in any case, it fails on the merits. The dispute concerns a residence that has already been sold in a foreclosure sale. Tyler-Mallery seeks an order forbidding a scheduled eviction and lockout. Apparently, this means she is living in the residence and doesn't want a state court's order to be carried out. This is a meritless claim for numerous reasons. First, the Plaintiff in this case is the Trust, not Tyler-Mallery in her individual capacity. The Trust has no interest in where Tyler-Mallery lives, whether in the residence or somewhere else, nor will it be irreparably harmed by her eviction. Second, the Anti-Injunction Act forbids the Court, with exceptions inapplicable here, from enjoining any state court proceedings. Third, Tyler-Mallery is unlikely to prevail in the underlying action.

A notice of *lis pendens* is a creature of California state law. Under Cal. Code Civ. Proc. § 405.21, notices of *lis pendens* may be signed by an attorney of record or by a judge of the court in which the action is pending. The notice of *lis pendens* that Tyler-Mallery filed is in fact a request for judicial approval of the notice (*i.e.*, a proposed order), and as such should not have been filed in the docket at all. *See* Electronic Case Filing Administrative Policies and Procedures Manual, § 2(h). The Court finds that, for numerous reasons, this request is premature, and **DECLINES** to approve the notice. Because the notice does not belong in the docket, it is **ORDERED** stricken. The Clerk is directed to remove it from the docket, and Tyler-Mallery must not record it or attempt to record it.

The complaint, as it currently stands, fails to comply with Fed. R. Civ. P. 8(a)(1), because it contains no statement of the grounds for the Court's jurisdiction. Nor does the

complaint itself include any allegations or claims that would show why the Court has jurisdiction. This action is therefore **DISMISSED WITHOUT PREJUDICE**.

If Tyler-Mallery believes the complaint can be successfully amended, she must first substitute in qualified counsel, then either pay the filing fee or file a new IFP motion, and then file an amended complaint showing why the Court has jurisdiction over her claims. She must do all this no later than **May 1, 2014** or this action will remain dismissed.

**IT IS SO ORDERED**.

DATED: March 27, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge